IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02048-M

| | |
|---|---|
| CHRISTOPHER L BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Respondent. ) | ORDER |

On March 1, 2021, Christopher L. Brown ("petitioner"), a state pretrial detainee, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]. In response to an order of deficiency, Order [D.E. 3], on March 9, 2021, petitioner moved both for leave to proceed *in forma pauperis*, Mot. [D.E. 4], and for an extension of time to respond to the order of deficiency, Mot. [D.E. 6]. The court granted petitioner an extension of time. Order [D.E. 7]. On March 18, 2021, petitioner timely filed a corrected petition. Am. Pet. [D.E. 8]. Petitioner subsequently filed documents in support of his petition. See [D.E. 10, 11].

The court now conducts its initial review under 28 U.S.C. § 2243 (providing the court need not seek a response when it is clear on the petition's face that petitioner is not entitled to relief).

Petitioner's Claims:

As to his ongoing state criminal proceedings, petitioner asserts: there was insufficient probable cause for his arrest; he did not receive a probable cause hearing; his arraignment was improper; he has not received discovery; there was a long delay in proceedings from the date of his arrest; and he received ineffective assistance of counsel from an attorney who was "removed."

Am. Pet. [D.E. 8] at 6–11; see also Am. Pet. Attach. [D.E. 8-1, 8-2, 8-3]. For relief, petitioner asks the court to review his petition and dismiss his state criminal case. Am. Pet. [D.E. 8] at 7.

In his subsequent filings, petitioner reiterates his contentions that: his former attorney failed to obtain a probable cause hearing, and this attorney was removed as counsel due to failing to provide petitioner a copy of his discovery; his new attorneys "aren't performing as they guaranteed under the 6th Amendment"; a state judge "ordered for [petitioner's] discovery to be returned to the state and for [petitioner] to receive a duplicate of it," but that has not occurred; his pretrial detention has been inordinately long; and he has not received adequate due process. See [D.E. 10, 11].

## Discussion:

A district court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Although the statutory language of section 2241 lacks an explicit exhaustion requirement, federal courts generally abstain from exercising jurisdiction if the issues raised in a pretrial detainee's section 2241 petition may be resolved either by a trial on the merits in the state court, or by other state procedures available to the petitioner. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–92 (1973) (addressing a pretrial detainee's section 2241 petition only after concluding petitioner had exhausted all available state court remedies for consideration of his constitutional claim); see also Younger v. Harris, 401 U.S. 37, 43 (1971) (generally prohibiting federal courts from intervening in ongoing state criminal proceedings).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing]' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (citations and quotation marks omitted).

2

Only under "special circumstances" will a court find that a state pretrial detainee exhausted available remedies before trial. Braden, 410 U.S. at 489; see Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (relying on Braden to find that "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present"); see also Brazell v. Boyd, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. Apr. 5, 1993) (per curiam) (unpublished table decision) ("While 'special circumstances' lacks any precise, technical meaning . . . . where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court[,] no special circumstance is shown." (citation omitted)).

Here, it is clear from the face of the filings that petitioner failed to exhaust his available state court remedies. See Am. Pet. [D.E. 8] at 1–5. Further, petitioner does not plausibly allege any deficiency in the state judicial process that would qualify as a "special circumstance" falling within the scope of Braden. See Braden, 410 U.S. at 489 ("[N]othing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."); Moore, 515 F.2d at 443. Therefore, petitioner must first raise in state court (including on direct appeal) challenges to ongoing state criminal proceedings. See Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004) (noting that a district court may properly dismiss a claim as premature and unexhausted by a detainee who is a party to a proceeding that "would address the very issue he [is] raising collaterally in his habeas petition").

Although petitioner alleges undue delay in his criminal proceedings, Sixth Amendment speedy trial violations are not a "special circumstance" under Braden because the claim may be raised at trial and on direct appeal. See United States v. MacDonald, 435 U.S. 850, 863 (1978) (declining to permit interlocutory review of pretrial denial of defendant's speedy trial motion);

3

Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) ("[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial"), cert. denied, 484 U.S. 956 (1987).

Further, because petitioner's state criminal proceedings are ongoing, any prejudice due to purported ineffective assistance of counsel is speculative and not yet ripe. See Texas v. United States, 523 U.S. 296, 300 (1998) (finding a matter not ripe for decision where "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all") (internal quotation marks omitted)); see also Strickland v. Washington, 466 U.S. 668, 687–96 (1984) (finding that, to establish ineffective assistance of counsel, a criminal defendant must demonstrate both (1) his attorney's performance fell below an objective standard for reasonableness, and (2) defendant was prejudiced by this deficiency such that there was a reasonable probability that, but for the attorney's errors, the results of the proceedings would have been different).

In sum, because there is no indication that he exhausted his available state-court remedies, and because the court discerns no "special circumstances," petitioner is not entitled to the issuance of the writ for the purported constitutional infirmities in his ongoing state criminal proceedings. See Braden, 410 U.S. at 489. Thus, because it is clear from the face of the filings that petitioner is not entitled to the requested section 2241 habeas relief, the court will dismiss the action without prejudice without seeking a response from the respondent. See 28 U.S.C. § 2243.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

Conclusion:

Accordingly, the court: DISMISSES WITHOUT PREJUDICE the instant habeas petition; DENIES AS MOOT the motion to proceed *in forma pauperis* [D.E. 4]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED, this 13th day of December 2021.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge

5